## Joseph B. Varnum *et al. versus* Elijah M. Bissell.

The plaintiff's declaration set forth by mistake a demand of twelve dollars instead of twelve hundred, and in the Court of Common Pleas he recovered a judgment for nearly twelve hundred dollars; from which judgment the defendant appealed, but neglected to enter his appeal; and upon the plaintiff's complaint to this Court for affirmation of the judgment, the Court refused to allow him to amend the record of the Court below by inserting the word *hundred* after *twelve;* and also, inasmuch as the judgment was erroneous on the face of it, refused to affirm the judgment.

In this case a judgment was rendered for the plaintiff, by the Court of Common Pleas, on common demurrer, and the action not having been entered in this Court by the defendant, who was the appellant, the plaintiff now filed his complaint to have the judgment affirmed. Upon inspection of the record it appeared, that the judgment was for one thousand and forty-seven dollars, and that in the declaration the sum claimed was twelve dollars. It was alleged by the complainant, and it was highly probable, that this was a plain clerical mistake on the part of the person who drew the declaration, by omitting the word *hundred* after *twelve.* The *ad damnum* was twelve hundred dollars.

*C. A. Dewey, Martin* and *Briggs*, on behalf of the plain-   *Sept. 19th.* tiff, asked leave to amend by inserting the word *hundred* after *twelve,* or if this were not admissible, they asked for an affirmation of the judgment as it stood.

But by the *Court.* The Court have clearly no authority   *Sept. 20th.* to permit an amendment in the record of the Court of Common Pleas, even if the amendment in question were admissible if the parties were regularly before this Court. And on the other point, the Court are of opinion, that as the judgment of the Court of Common Pleas is erroneous upon the face of it, this Court ought not to affirm and make it the basis of a new judgment.

*Complaint dismissea.*